J-S29004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KENNETH RAY EDGINGTON | : | |
| | : | |
| Appellant | : | No. 424 WDA 2024 |

Appeal from the Judgment of Sentence Entered October 7, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003088-2021

BEFORE:  DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED:  August 15, 2024**

Appellant, Kenneth Ray Edgington, appeals from the October 7, 2022 judgment of sentence entered in the Erie County Court of Common Pleas following his open guilty plea to Aggravated Assault and Burglary.[1]  Appellant's counsel, Tina M. Fryling, has filed a petition to withdraw as counsel and an ***Anders***[2] brief, to which Appellant has not filed a response.  Upon review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

**A.**

The relevant facts and procedural history are as follows.  On August 3, 2022, Appellant entered an open guilty plea to the above offenses.  On

---

[1] 18 Pa.C.S. §§ 2702(a)(1) and 3502(a)(1)(ii), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

October 7, 2022, the trial court sentenced Appellant to a term of 6 to 12 years of incarceration for his Aggravated Assault conviction and a concurrent term of 4 to 8 years for his burglary conviction. Both sentences are at the low end of the standard range of the sentencing guidelines.

Appellant filed a motion for reconsideration of sentence[3] asserting that the sentencing court "erred in using sentencing guidelines that included using his juvenile record to increase his offense gravity scores and prior record scores, when that record was due to offenses that took place when [Appellant] was age 13." Motion, 2/13/24, at ¶ 6. Appellant also claimed that the sentencing court abused its discretion in imposing "such a long sentence at each count, when the prior juvenile offense took place when he was 13 years old, and when he apologized for his actions."[4] *Id.* at ¶ 7.

On March 13, 2024, the trial court denied Appellant's post-sentence motion. This appeal followed.

**B.**

On June 16, 2024, Attorney Fryling filed an ***Anders*** brief. Appellant has not filed a response to the ***Anders*** brief.

_____

[3] Appellant did not initially file a timely post-sentence motion or notice of appeal from his judgment of sentence. However, Appellant subsequently filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, seeking reinstatement of his post-sentence and direct appeal rights, which the trial court granted.

[4] Appellant was 35 years old at the time of sentencing.

In the **Anders** brief, counsel indicated that Appellant wished to raise the following issue on appeal:

The sentence imposed in this case was manifestly excessive and clearly unreasonable when the trial court used sentencing guidelines that included [Appellant's] juvenile record that included an offense from when [Appellant] was 14 years old.

**Anders** Brief at 2.

## C.

As a preliminary matter, we address appellate counsel's request to withdraw as counsel. "When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010). In order for counsel to withdraw from an appeal pursuant to Anders, our Supreme Court has determined that counsel must meet the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that she sent Appellant a copy of the

***Anders*** brief and petition to withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, and to raise any additional points. ***See Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we will address the substantive issue raised in the ***Anders*** brief. Subsequently, we must "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5 (citation omitted). ***See also Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting ***Anders*** requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

**D.**

In the ***Anders*** Brief, counsel indicates Appellant seeks to challenge his sentence as excessive, thus implicating the discretionary aspects of his sentence. ***Anders*** Brief at 4-6. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance

of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***Id.***; ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant timely appealed and preserved his claim in a post-sentence Motion. Further, Counsel included a Rule 2119(f) statement in the ***Anders*** Brief. We will proceed, therefore, to consider whether Appellant's claim presents a substantial question.

We determine whether a substantial question has been raised on a case-by-case basis. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms [that] underlie the sentencing process." ***Id.*** (citation and quotation marks omitted).

Here, Appellant asserts that the trial court imposed an excessive sentence because the court "gave too much consideration to the fact that he had a juvenile record, and used that fact to give him a higher sentence, when the juvenile offense had happened many years before." ***Anders*** Brief at 6.

Essentially, Appellant challenges the weight the sentencing court gave to his criminal history in sentencing him. He has not argued, however, that in so doing, the sentencing court violated the fundamental norms underlying

the sentencing code. Therefore, this claim does not raise a substantial question for our review.

Following our review of the issue raised in counsel's **Anders** brief, we agree with counsel and conclude that this appeal is wholly frivolous. In addition, after conducting our independent review as required pursuant to **Yorgey**, **supra**, we discern no non-frivolous issues to be raised on appeal. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/15/2024